IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 3:98-CR-30022-NJR-3 |
| **DEANDRE LEWIS,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on an Emergency Motion for Compassionate Release filed by Defendant Deandre Lewis under 18 U.S.C. § 3582(c)(1)(A) (Doc. 954). Lewis is serving a 450-month sentence for offenses related to the murder of Debra Abeln in a murder-for-hire plot initiated by the victim's husband (Docs. 872, 903). Lewis was the gunman who was hired to kill Abeln, a mother of three children, for $10,000 and some cocaine. During a staged robbery, Lewis shot Abeln twice in the chest with a sawed-off shotgun in front of her 12-year-old son. Lewis then fled the scene and threw the shotgun out the window over a railroad overpass.

Lewis, who is now 43 years old, asks the Court to immediately release him to home confinement due to the COVID-19 pandemic and his health conditions, including asthma, stomach ulcers, and two prior hernia surgeries (Doc. 954). The Government opposes the motion, noting there is no evidence in Lewis's medical records that he suffers from asthma or stomach ulcers (Doc. 964). And the mere risk of contracting COVID-19 alone is not a sufficient basis for compassionate release.

Under the First Step Act of 2018, incarcerated defendants may seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The parties do not dispute that Lewis exhausted his administrative remedies before filing his motion for compassionate release.

Once a motion is filed, the Court may reduce a term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

Here, there simply are no extraordinary and compelling circumstances that

warrant granting Lewis's motion for compassionate release. For a medical condition to constitute an extraordinary and compelling reason, the defendant must be suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. 1B1.13(a)(2). There is no evidence of those circumstances here.

Even if there were, the § 3553(a) sentencing factors and the required finding that the defendant is not a danger to the safety of another person or the community demand that this Court deny Lewis's motion. Lewis shot and killed an innocent mother of three in front of her youngest son. Releasing Lewis now, more than 11 years prior to his projected release date,[1] would fail to provide just punishment for offense, promote respect for the law, or protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a).

For these reasons, the Motion for Compassionate Release filed by Defendant Deandre Lewis (Doc. 954) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   December 11, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Lewis is projected to be released on May 10, 2032. *See* https://www.bop.gov/inmateloc/ (last visited Dec. 10, 2020).